**[Cite as *State v. Taylor*, 2020-Ohio-404.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-19-009

      Appellee                                    Trial Court No. 2018 CR 173

v.

Gregory Taylor                                    **DECISION AND JUDGMENT**

      Appellant                                   Decided:  February 7, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Gregory Taylor, appeals the judgment of the Wood County Court

of Common Pleas, convicting him of one count of trafficking in cocaine in violation of

R.C. 2925.03(A)(1) and (C)(4)(a), a felony of the fifth degree, and one count of

possessing criminal tools in violation of R.C. 2923.24(A) and (C), a felony of the fifth

degree, and sentencing him to a total prison term of 24 months.  For the reasons that follow, we affirm.

## I.  Facts and Procedural Background

{¶ 2} On May 3, 2018, the Wood County Grand Jury entered a three-count indictment against appellant, charging him with one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(a), a felony of the fifth degree, along with a forfeiture specification, one count of possessing criminal tools in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree, and one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree.

{¶ 3} On October 30, 2018, appellant entered into a plea agreement with the state whereby he agreed to plead guilty to the count of trafficking in cocaine and the count of possessing criminal tools.  In return, the state agreed to drop the forfeiture specification and dismiss the count of possession of cocaine.  After conducting a Crim.R. 11 plea colloquy, the trial court accepted appellant's plea and found him guilty.  The trial court continued the matter for preparation of a presentence investigation report.

{¶ 4} At the sentencing hearing on December 18, 2018, appellant's trial counsel advocated for community control sanctions.  Counsel noted that appellant has a job in Monroe, Michigan, and is in an aftercare program through the Lucas County Correctional Treatment Facility ("CTF").  Counsel stated that appellant has put in a lot of effort through CTF, has recognized his drug problem, and is a different person because of it.

2.

{¶ 5} Pursuant to its plea agreement, the state also recommended community control sanctions.

{¶ 6} Appellant then spoke on his own behalf. Appellant admitted that at the time of the offense he was using cocaine and marijuana, and his mind was not right because of it. Appellant explained that the CTF program has helped him greatly, and that he is now working and attending AA meetings. Appellant accepted that he has made bad decisions in his past, but states that his life is now on the right path, and he just wants the opportunity to continue on that path.

{¶ 7} Upon hearing the arguments in mitigation, the trial court recounted the circumstances of the offense wherein appellant fled from the police and was not forthright with them when he was apprehended. The trial court then examined appellant's lengthy criminal history, which spanned approximately 20 years, beginning when appellant was a juvenile, and which included several commitments to the Department of Youth Services, and multiple prison terms for receiving stolen property, failure to comply, escape, felonious assault, and attempted carrying a concealed weapon. Ultimately, the court ordered appellant to serve 12 months in prison on each count, and ordered the sentences to be served consecutively for a total prison term of 24 months.

{¶ 8} In announcing its sentence, the trial court stated that it considered the principles and purposes of sentencing, as well as the seriousness and recidivism factors. The court also made the requisite findings that consecutive sentences were necessary to protect the public from future crime and to punish appellant, and that consecutive

3.

sentences were not disproportionate to the seriousness of the crime and to the danger that appellant poses to the public. Further, the trial court found that appellant's criminal history demonstrated that consecutive sentences are necessary to protect the public from future crime.

{¶ 9} On December 19, 2018, the trial court journalized the judgment entry memorializing appellant's conviction and sentence.

## II. Assignment of Error

{¶ 10} Appellant has timely appealed the trial court's December 19, 2018 judgment, and now asserts one assignment of error for our review:

> 1. The trial court did not comply with R.C. 2929.11 and R.C. 2929.12 in sentencing appellant to a maximum consecutive term of twenty-four months in the Ohio Department of Rehabilitation and Corrections instead of ordering community control sanctions.

## III. Analysis

{¶ 11} In his appeal, appellant argues that his total prison term of 24 months is contrary to the principles and purposes of R.C. 2929.11, and is not supported by the factors in R.C. 2929.12. Appellant is making the same argument as the defendant in *State v. Gwynne*, Slip Opinion No. 2019-Ohio-4761. In that case, the defendant was convicted of 46 felony counts. The trial court ordered all of the sentences to be served consecutively for an aggregate sentence of 65 years. *Id.* at ¶ 5. On appeal, the Fifth District held that consecutive sentences were warranted pursuant to R.C. 2929.14(C)(4),

4.

but nonetheless found that under R.C. 2929.11 and 2929.12 the aggregate sentence was not supported by the record and did not comply with the principles and purposes of sentencing. The appellate court further found that the aggregate sentence was excessive and disproportionate to the conduct. *Id.* at ¶ 6. Thus, the appellate court vacated some of the consecutive sentences, resulting in a new aggregate sentence of 15 years. *Id.*

{¶ 12} On appeal, a plurality of the Ohio Supreme Court reversed the decision of the Fifth District. The lead opinion in *Gwynne* recognized that R.C. 2953.08(G)(2)(a) is the "exclusive means of appellate review of consecutive sentences," and that R.C. 2929.11 and 2929.12 are not applicable to a review of consecutive sentences. *Id.* at ¶ 16-18. This view was shared by two other justices in a concurring opinion. *See id.* at ¶ 22 (Kennedy, J., concurring in judgment only) ("I agree with the lead opinion that * * * R.C. 2953.08(G)(2) does not authorize a court of appeals to use R.C. 2929.11 and 2929.12 for purposes of reviewing a trial court's consecutive-sentence findings."). Thus, the Ohio Supreme Court held that the Fifth District erred by reviewing the consecutive sentences under R.C. 2929.11 and 2929.12, and that it should have examined the consecutive sentences for compliance with R.C. 2929.14(C)(4).

{¶ 13} The divide between the lead and concurring opinions in *Gwynne* revolved, in part, around whether it was ever appropriate for an appellate court to review a trial court's application of R.C. 2929.11 and 2929.12. Regarding whether an appellate court may review a trial court's application of R.C. 2929.11 and 2929.12, the Ohio Supreme

Court had unanimously stated in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23,

> We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

The lead opinion in *Gwynne* simply found that the quoted portion of *Marcum* did not apply to the case before it because *Marcum* involved the appeal of a non-maximum sentence for a single count. *Gwynne* at ¶ 15. The lead opinion recognized that R.C. 2929.11 and 2929.12 "both clearly apply only to *individual* sentences." (Emphasis sic.) *Id.* at ¶ 17. The concurring opinion in *Gwynne*, however, would have gone further and said that R.C. 2953.08(G)(2) does not permit any review of the application of R.C. 2929.11 and 2929.12, and that paragraph 23 of *Marcum* was both flawed and dicta, and should not be followed. *Id.* at ¶ 43 (Kennedy, J., concurring in judgment only).

{¶ 14} In light of these decisions, we come to the following conclusions regarding the standard by which we review felony sentences. Where the appellant challenges the trial court's imposition of consecutive sentences, we are bound to review the issue under

6.

R.C. 2953.08(G)(2)(a), and must affirm the trial court unless we clearly and convincingly find "[t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14."

{¶ 15} Where the appellant challenges the length of a particular term, regardless if that term is ordered to run concurrently or consecutively to other sentences, we must first determine if the trial court was required to make findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e), or R.C. 2929.20(I), and if so, whether we clearly and convincingly determine that the record does not support those findings. R.C. 2953.08(G)(2)(a). If those sections are not relevant, we must then examine whether the term is clearly and convincingly "otherwise contrary to law." R.C. 2953.08(G)(2)(b). In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, *abrogated by Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 516, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18. Finally, if the term is not otherwise contrary to law, we may vacate or modify the term only if we find by "clear and convincing evidence that the record does not support the sentence" upon

7.

consideration of R.C. 2929.11 and 2929.12. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23.

{¶ 16} Applying those guidelines here, we do not clearly and convincingly find that the record does not support the trial court's findings relative to its imposition of consecutive sentences. R.C. 2929.14(C)(4) requires a trial court to find

that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

8.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Here, appellant's lengthy and pervasive criminal history supports the trial court's conclusion that consecutive sentences are necessary to protect the public from future crime, and are not disproportionate to the danger that appellant poses to the public.

{¶ 17} Likewise, we find that the trial court did not err in imposing a 12-month prison term on each count. In support of his assignment of error, appellant does not argue that the trial court failed to make required findings, that it did not consider R.C. 2929.11 and 2929.12, that it improperly imposed postrelease control, or that his sentence was outside of the statutorily permissible range. Thus, appellant has not demonstrated that his sentence is contrary to law.

{¶ 18} Further, applying the standard in *Marcum*, we also find that appellant has not demonstrated through clear and convincing evidence that the record does not support the trial court's imposition of 12-month terms upon consideration of R.C. 2929.11 and 2929.12. Although appellant provided statements in mitigation that he has put in a lot of effort through CTF, has recognized his drug problem, and has worked hard to overcome his past and embark upon a new positive journey, the trial court implicitly found that those factors were outweighed by the risk of recidivism demonstrated by appellant's lengthy criminal history. We find that the trial court's determination is supported by appellant's 20-year criminal history, which began when appellant was a teenager.

9.

**{¶ 19}** Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

**{¶ 20}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.