**[Cite as *State v. Bulger*, 2020-Ohio-4602.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-20-009

    Appellee                              Trial Court No. 18 CR 1232

v.

 Michael E. Bulger                          **DECISION AND JUDGMENT**

    Appellant                             Decided:  September 25, 2020

* * * * *

Brett A. Klimkowsky, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

**{¶ 1}** Appellant, Michael Bulger, appeals the judgment of the Sandusky County Court of Common Pleas, finding him guilty of one count of attempted rape and one count of rape following a plea of no contest to said charges, and sentencing him to a total of 19 years in prison.  Finding no error in the trial court's imposition of sentence, we affirm.

## A. Facts and Procedural Background

{¶ 2} On December 13, 2018, appellant was indicted on six counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree, six counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree, three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree, and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), felonies of the fourth degree. These charges followed allegations that appellant sexually abused his two stepdaughters. The older stepdaughter gave birth to a child who was proven to be appellant's child following DNA testing. This victim, who was 14 years old at the time she was impregnated, stated that appellant first sexually abused her when she was ten years old, and that the abuse continued for at least eight years, most recently on August 20, 2018.

{¶ 3} Appellant appeared before the trial court for arraignment on December 14, 2018, and entered pleas of not guilty to the aforementioned charges. Following pretrial discovery and motion practice, appellant reached a plea agreement with the state, and a change of plea hearing was held on June 3, 2019. Pursuant to the plea agreement, appellant entered pleas of no contest to one count of attempted rape in violation of R.C. 2907.02(A(2), a felony of the second degree, and one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree. In exchange, the state agreed to dismiss the remaining charges contained in the indictment.

2.

{¶ 4} The trial court engaged appellant in a Crim.R. 11 colloquy, after which the state articulated the basis for the plea. The trial court then accepted appellant's no contest pleas and found appellant guilty of the charges of attempted rape and rape.

{¶ 5} The court proceeded immediately to sentencing, ultimately ordering appellant to serve 8 years in prison for attempted rape and 11 years in prison for rape after recognizing appellant's crimes as "particularly heinous." The court went on to make the requisite findings under R.C. 2929.14(C)(4), and ordered appellant to serve the individual sentences consecutively, for a total prison term of 19 years. Specifically, the court found, both at the sentencing hearing and also in its sentencing entry, that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public, were necessary to protect the public from future crime, that the offenses were committed as part of one or more courses of conduct, and that the harm caused by the offenses was so great or unusual that no single prison term adequately reflects the seriousness of appellant's conduct.

{¶ 6} Following sentencing, appellant entered his timely notice of appeal.

## B. Assignments of Error

{¶ 7} On appeal, appellant asserts the following assignment of error:

1. The Trial Court's sentence of Michael E. Bulger ("Appellant") is excessive and contrary to Ohio law.

3.

## II. Analysis

{¶ 8} In his sole assignment of error, appellant argues that his 19-year prison sentence is excessive under R.C. 2929.11 because it was not the minimum sentence that the trial court could have imposed that would effectively rehabilitate him given his lack of education and learning disability.

{¶ 9} Our review of felony sentences is governed under R.C. 2953.08(G)(2), which allows an appellate court to increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

> (b) That the sentence is otherwise contrary to law.

{¶ 10} Relevant to appellant's R.C. 2929.11 argument in this case, we have previously stated that a sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16. Moreover, in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, the Supreme Court of

4.

Ohio made it clear that appellate review of the propriety of an aggregate sentence comprised of individual sentences ordered to be served consecutively is limited to a determination of whether the trial court's findings under R.C. 2929.14(C)(4) were supported by the record. *See State v. Tressler*, 6th Dist. Williams No. WM-19-005, 2020-Ohio-1164, ¶ 13 (citing *Gwynne* and reviewing the defendant's 18-year consecutive sentence under R.C. 2929.14(C)(4), where the defendant argued that the consecutive sentence was inconsistent with the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12); *State v. Taylor*, 6th Dist. Wood No. WD-19-009, 2020-Ohio-404, ¶ 14 ("Where the appellant challenges the trial court's imposition of consecutive sentences, we are bound to review the issue under R.C. 2953.08(G)(2)(a), and must affirm the trial court unless we clearly and convincingly find '[t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14.'").

{¶ 11} Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). The sentence imposed shall be

5.

reasonably calculated to achieve the overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

{¶ 12} There is no dispute that the trial court's sentence falls within the statutory range for the applicable felony degrees at issue in this case.  *See* R.C. 2929.14(A). Further, appellant does not argue that the trial court failed to consider the principles and purposes of sentencing under R.C. 2929.11 or the seriousness and recidivism facts under R.C. 2929.12.  Rather, appellant contends that the sentence imposed by the trial court was excessive because the court imposed a consecutive sentence of incarceration.

{¶ 13} In his brief, appellant relies exclusively upon the principles and purposes of sentencing under R.C. 2929.11(A) when he asserts that the trial court could have imposed a less punitive sentence.  Instead of incarceration, appellant suggests that the trial court could have required him to complete sexual predator treatment and earn a G.E.D.  Such arguments are inconsistent with the discretion trial courts have when imposing sentences and, more importantly, provide no legitimate basis for appeal.

{¶ 14} Having reviewed the record in its entirety, we find that appellant's sentence was not contrary to law.  It is clear from the sentencing hearing transcript that the trial court considered appellant's conduct "particularly heinous" and "beyond the pale for a civilized society," findings that support incarceration and militate against appellant's suggested sentence.  The facts contained in the record support the court's characterization

6.

of appellant's conduct, which established that appellant repeatedly sexually abused his minor stepdaughters over a period of several years. The fact that appellant is uneducated or suffers from a learning disability does not excuse or explain the severity of the conduct at issue in this case.

{¶ 15} In this appeal, appellant argues that the trial court erred in its sentence merely because it did not impose the minimum sentence to effectuate rehabilitation. Appellant's conclusory contention is not only divorced from the focus of our appellate review under R.C. 2953.08(G)(2), but also fails to address the facts of this case, which do not support a minimum, non-prison sentence.

{¶ 16} Moreover, we find that the trial court did not err in ordering appellant to serve his individual sentences consecutively under R.C. 2929.14(C)(4). As noted above, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish appellant, were not disproportionate to the seriousness of appellant's conduct or the danger appellant poses to the public, and that the offenses were committed as part of one or more courses of conduct and the harm caused by appellant was so great or unusual that no single prison term for any of the offenses committed as part of a course of conduct adequately reflects the seriousness of appellant's conduct. The record in this case establishes that appellant sexually abused his stepdaughters on numerous occasions over the course of eight years, beginning when the older stepdaughter was only ten years old. The facts of this case clearly support the trial court's finding of a course of conduct. *State v. Smith*, 2d Dist. Montgomery No. 28265,

7.

2019-Ohio-5015, ¶ 72 ("defendant's repeated sexual abuse of the same minor victim amounted to a 'course of conduct' justifying consecutive sentences").

{¶ 17} In sum, we cannot say that the trial court's imposition of prison sentences, and its direction that appellant serve those sentences consecutively, was contrary to law. Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 18} In light of the foregoing, the judgment of the Sandusky County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.