[Cite as *State v. McGowan*, 2021-Ohio-404.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                        Court of Appeals No. S-20-020

    Appellee                                    Trial Court No. 19 CR 1116

v.

Matthew C. McGowan                          **DECISION AND JUDGMENT**

    Appellant                                   Decided:  February 12, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellant.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Matthew C. McGowan, appeals the judgment of the Sandusky

County Court of Common Pleas, convicting him following a guilty plea of three counts

of rape, and sentencing him to a total prison term of 30 to 35 years.  For the reasons that

follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On December 18, 2019, the Sandusky County Grand Jury returned a five-count indictment, charging appellant with four counts of rape in violation of R.C. 2907.02(A)(1)(b) and (B), felonies of the first degree, and one count of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(1)(b) and (B), a felony of the second degree.

{¶ 3} On March 19, 2020, appellant withdrew his initial plea of not guilty, and entered a plea of guilty to three amended counts of rape in violation of R.C. 2907.02(A)(1)(c), felonies of the first degree. In exchange for his plea, the state agreed to dismiss the remaining two counts. The facts as recited by the state were that between August and November 2019, appellant engaged in vaginal intercourse, digital penetration, and cunnilingus with the victim, a 12-year-old girl. Appellant was 37 years old at the time. Following the state's recitation of the facts, and a detailed Crim.R. 11 plea colloquy, the trial court accepted appellant's plea, found him guilty, and continued the matter for preparation of a presentence investigation report.

{¶ 4} At the sentencing hearing on May 13, 2020, the trial court considered the physical and psychological harm to the victim—which the court acknowledged was "difficult to quantify"— the fact that appellant's relationship with the victim facilitated the offense, appellant's criminal history that included a prior conviction for statutory rape, appellant's likelihood to be a recidivist, and appellant's expression of remorse. Thereafter, the trial court sentenced appellant to indefinite prison terms of 10 to 15 years on each count. The court further ordered those terms to be served consecutively for a

2.

total indefinite prison term of 30 to 35 years. In ordering the consecutive prison terms, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish appellant, that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger that he posed to the public, and that appellant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crimes.

## II. Assignment of Error

{¶ 5} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

> 1. Appellant's consecutive sentence is not supported by clear and convincing evidence in the record.

## III. Analysis

{¶ 6} "Where the appellant challenges the trial court's imposition of consecutive sentences, we are bound to review the issue under R.C. 2953.08(G)(2)(a), and must affirm the trial court unless we clearly and convincingly find '[t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14.'" *State v. Taylor*, 6th Dist. Wood No. WD-19-009, 2020-Ohio-404, ¶ 14, quoting R.C. 2953.08(G)(2)(a). R.C. 2929.14(C)(4) requires a trial court to find

> that the consecutive service is necessary to protect the public from future
> crime or to punish the offender and that consecutive sentences are not

3.

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and * * * any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 7} In support of his assignment of error, appellant first argues that the trial court failed to specifically verbalize which factual circumstances supported the court's findings. However, such a detailed recitation is not required. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

4.

Here, the record is clear that the trial court engaged in the correct analysis by making the required findings under R.C. 2929.14(C)(4).

{¶ 8} Turning then, to whether the trial court's findings are supported by the record, appellant relies on *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, in which the Eighth District reversed the judgment of the trial court, and modified Johnson's sentence from 50 years to life in prison to 25 years to life in prison. In that case, Johnson pleaded guilty to raping a three-year-old child and a five-year-old child. On appeal, the Eighth District determined that consecutive sentences were not warranted because the record did not support the trial court's finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(C)(4).[1] The court reasoned that while the acts were "heinous" and "terrible," every case of forcible rape of a child is heinous and terrible, which is why the legislature mandated such a stiff penalty for a single offense. *Johnson* at ¶ 20. The court concluded that Johnson's conduct did not reflect such a seriousness and danger to the public that 50 years to life in prison was necessary to protect the public from him. *Id.* at ¶ 24. In reaching its conclusion, the Eighth District noted that Johnson had several misdemeanor convictions, but only one felony conviction,

---

[1] Not applicable here, the Eighth District separately determined that the trial court's finding under R.C. 2929.14(C)(4)(b)—that the harm caused by two or more offenses committed as part of a course of conduct was so great or unusual that a single prison term did not adequately reflect the seriousness of the offender's conduct—was not supported by the record. *Johnson* at ¶ 21.

5.

which was for robbery for which he served two years of community control. Further, the court noted that Johnson had no prior sexually related offenses. *Id.*

{¶ 9} Appellant argues that like *Johnson*, the nature of the offense is itself "heinous" and "terrible," but the nature of the offense alone should not automatically warrant consecutive sentences. Upon review, we do not find appellant's arguments under *Johnson* persuasive. We read *Johnson* to turn on that court's belief that a prison sentence of 50 years to life was simply too long and was not necessary to protect the public from the defendant, and was not "the minimum sanction[] that accomplishes the overriding purposes of felony sentencing * * * without imposing an unnecessary burden on state or local governmental resources" as required by R.C. 2929.11. *Johnson* at ¶ 25. However, this line of reasoning was rejected by the Ohio Supreme Court in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18, which recognized that R.C. 2953.08(G)(2)(a) is the "exclusive means of appellate review of consecutive sentences," and that R.C. 2929.11 and 2929.12 are not applicable to a review of consecutive sentences. Furthermore, the Ohio Supreme Court recently clarified in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 42, that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Thus, our review is limited to whether the trial court's findings are clearly and convincingly unsupported by the record as set forth in R.C. 2953.08(G)(2)(a).

6.

{¶ 10} In this case, and unlike the defendant in *Johnson*, the record reveals that appellant has previously been convicted of statutory rape in Missouri in 2000, was sentenced to five years of probation, and ultimately was sentenced to seven years in prison for violating that probation. Thereafter, appellant was sentenced to five years in prison in Missouri in 2009 for committing burglary. Finally, at the time he committed the present offenses, appellant was under indictment in Ottawa County for failure to notify as a sex offender, a felony of the first degree. In sum, we cannot clearly and convincingly find that the trial court's imposition of consecutive sentences is unsupported by the record where appellant has previously been convicted of statutory rape, has failed to comply with the terms of his probation, has clearly not been rehabilitated, and where he has raped a 12-year-old child multiple times and in multiple ways over the course of several months.

{¶ 11} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 12} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                              JUDGE

Thomas J. Osowik, J.          

Gene A. Zmuda, P.J.          _____
CONCUR.                                    JUDGE


                                        _____
                                              JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.