[Cite as *State v. Pyle*, 2021-Ohio-1075.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


State of Ohio                                          Court of Appeals No. S-20-023

      Appellee                                   Trial Court No. 20 CR 28

v.

Trevor A. Pyle                                        **DECISION AND JUDGMENT**

      Appellant                                  Decided:  March 31, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Trevor Pyle, appeals the judgment of the Sandusky County Court of Common Pleas, convicting him of one count of unlawful sexual conduct with a minor and one count of attempted unlawful sexual conduct with a minor, and sentencing him to a total prison term of 30 months.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On January 13, 2020, the Sandusky County Grand Jury returned a four-count indictment, charging appellant with one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the fourth degree, one count of abduction in violation of R.C. 2905.02(B), a felony of the second degree, and one count of attempted sexual conduct with a minor in violation of R.C. 2923.02(A) and 2907.04(A), a felony of the fifth degree.

{¶ 3} On May 11, 2020, appellant withdrew his initial plea of not guilty, and entered a plea of guilty to the count of unlawful sexual conduct with a minor, and the count of attempted sexual conduct with a minor. In exchange, the state agreed to dismiss the remaining charges.

{¶ 4} In reciting the operative facts, the state described that on or about June 28, 2018, appellant—who was then 21 years old—put his hand inside the pants of a 13-year-old girl and placed his finger inside of her vagina. Additionally, on or around November 30, 2015, appellant—then 18 years old—attempted to engage in sexual conduct with a 14-year-old girl.

{¶ 5} Following a detailed Crim.R. 11 plea colloquy, the trial court accepted appellant's plea and found him guilty. The court then referred the matter for preparation of a presentence investigation report.

2.

{¶ 6} At the sentencing hearing on June 8, 2020, appellant's counsel spoke in mitigation. Counsel stated that appellant was a young man who desired a chance to receive treatment for the drug and mental health problems that he faced. In addition, counsel noted that appellant has family support and available employment, and that he would be willing to follow any of the conditions of community control.

{¶ 7} After receiving counsel's statement in mitigation, and hearing a statement from the father of one of the victims, the trial court imposed its sentence. The court noted that it considered the statements made, as well as the presentence investigation report. The court also noted that it considered the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. The court remarked on the age of the victims, the nature of the offenses, and the fact that in the 2015 incident appellant brandished a gun as reported in the presentence investigation report. Additionally, the court examined appellant's criminal history and found that his level of activity was increasing, not decreasing. Finally, the court noted that appellant has been on community control and probation in other cases as a juvenile and as an adult, and has consistently violated the terms imposed.

{¶ 8} Thus, the trial court ordered appellant to serve 18 months in prison on the count of unlawful sexual conduct with a minor, and 12 months in prison on the count of attempted sexual conduct with a minor. The court further ordered those sentences to be served consecutively for a total prison term of 30 months. The trial court found that

3.

consecutive sentences were necessary, making the requisite findings under R.C. 2929.14(C)(4).

{¶ 9} At the close of the sentencing hearing, the trial court stated that it thought it was a "fairly harsh sentence," but that the circumstances called for a maximum sentence. The court remarked that it thought appellant was "headed down a bad road," and "the time spent will be time that he can use to change if he chooses to do so. That will be up to him."

## II. Assignment of Error

{¶ 10} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

1. The Trial Court's sentence of Trevor A. Pyle ("Appellant") is excessive and contrary to Ohio law.

## III. Analysis

{¶ 11} In his assignment of error, appellant argues that the trial court did not impose the minimum sentence that would effectively rehabilitate him as required by R.C. 2929.11. Appellant reiterates his argument from before the trial court that he is a young man who strongly desires to pursue treatment for his substance abuse and mental health issues. He asserts that he has family support, a place to live, and the opportunity for employment. Appellant concludes that his 30-month maximum sentence was "fairly harsh," and that a lesser sentence would better promote his effective rehabilitation.

4.

{¶ 12} At the outset, we note that the lead opinion in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18, recognized that R.C. 2953.08(G)(2)(a) is the "exclusive means of appellate review of consecutive sentences," and that R.C. 2929.11 and 2929.12 are not applicable to a review of consecutive sentences. Therefore, "[w]here the appellant challenges the trial court's imposition of consecutive sentences, we are bound to review the issue under R.C. 2953.08(G)(2)(a), and must affirm the trial court unless we clearly and convincingly find '[t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14.'" *State v. Taylor*, 6th Dist. Wood No. WD-19-009, 2020-Ohio-404, ¶ 14, quoting R.C. 2953.08(G)(2)(a).

{¶ 13} In this case, appellant does not challenge the trial court's findings under R.C. 2929.14(C)(4). Furthermore, we believe that the record supports the trial court's findings under R.C. 2929.14(C)(4) such that we cannot clearly and convincingly find otherwise. In particular, the young age of the victims, the presence of a gun at one of the incidents, appellant's increasing criminal behavior, and his failure to comply with the terms of probation and community control support the trial court's conclusion that consecutive sentences are necessary to protect the public from future crime, that consecutive sentences are not disproportionate to the seriousness of the conduct, and that the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of appellant's conduct. Therefore, we hold that the trial court did not err when it imposed consecutive sentences.

5.

{¶ 14} Furthermore, even if we applied appellant's arguments to the length of his individual prison sentences, R.C. 2953.08(G)(2) does not grant us authority to consider the trial court's application of the principles and purposes of sentencing found in R.C. 2929.11.

{¶ 15} R.C. 2953.08(G)(2) allows us to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if we clearly and convincingly find either "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) That the sentence is otherwise contrary to law."

{¶ 16} As to the first prong under R.C. 2953.08(G)(2)(a), we have already discussed the trial court's findings under R.C. 2929.14(C)(4), and appellant does not argue that any of the other enumerated sections apply.

{¶ 17} Thus, we are left to examine whether the sentences are clearly and convincingly "otherwise contrary to law" as provided for in R.C. 2953.08(G)(2)(b).

{¶ 18} In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, *abrogated by State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish*

6.

held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 19} In this case, the record reflects that the trial court expressly considered R.C. 2929.11 and 2929.12, properly applied postrelease control, and sentenced appellant within the statutory range. Thus, appellant's sentences are not clearly and convincingly contrary to law.

{¶ 20} In *State v. Taylor*, 6th Dist. Wood No. WD-19-009, 2020-Ohio-404, we relied on *Marcum* to take the analysis one step further, and stated "if the term is not otherwise contrary to law, we may vacate or modify the term only if we find by 'clear and convincing evidence that the record does not support the sentence' upon consideration of R.C. 2929.11 and 2929.12." *Taylor* at ¶ 15, quoting *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23. To that end, appellant's entire argument on appeal is that the trial court's sentence was not the minimum sentence that would effectively rehabilitate him as provided for under R.C. 2929.11(A).

{¶ 21} However, in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 42, the Ohio Supreme Court relegated the language in *Marcum* to dicta, and clarified that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the

7.

sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Consequently, we may not consider appellant's sentences as they relate to the trial court's application of R.C. 2929.11.

{¶ 22} Therefore, because the trial court's findings under R.C. 2929.14 are not clearly and convincingly unsupported by the record, and because appellant's sentences are not otherwise clearly and convincingly contrary to law, appellant's sentences must be upheld.

{¶ 23} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 24} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                      JUDGE

Thomas J. Osowik, J.          

Gene A. Zmuda, P.J.          _____
CONCUR.                                          JUDGE


                                  _____
                                                      JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.