[Cite as *State v. Brabson*, 2023-Ohio-449.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :

                         No. 111542

    v.                                              :

JAELEN T. BRABSON,                               :

    Defendant-Appellant.                    :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 16, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-662960-C

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Jeffrey Schnatter, Assistant Prosecuting
Attorney, *for appellee*.

Russell S. Bensing, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Jaelen T. Brabson appeals his convictions for aggravated robbery, felonious assault, and involuntary manslaughter for causing the death of Jaymar Singleton. For the following reasons, the convictions are affirmed.

{¶ 2} Brabson's focus in this appeal is directed at the trial court's sentencing considerations. Although Brabson lacked a criminal record at the time of the offense, he planned and carried out the aggravated robbery of Singleton by luring him to a designated meeting point through the guise of selling a firearm. There is no indication that the sale of the firearm violated any laws. Upon meeting at that location with two other codefendants, and while briefly discussing the terms of the sale, Brabson shot and killed Singleton without any provocation and to the apparent surprise of the two other conspirators.

{¶ 3} For his conduct, Brabson pleaded guilty, which in pertinent part reduced the aggravated and other murder charges as indicted to one count of involuntary manslaughter. As part of Brabson's negotiated plea deal, the parties agreed that the involuntary manslaughter, aggravated robbery, and felonious assault offenses were separate for the purpose of the allied offense review. As a result, the shortest aggregate term the trial court could impose was nine years in prison,[1] up to a maximum stated prison term of 39 years, which included consideration of all firearm specifications but not the indefinite, non-life term under the Reagan Tokes Law that would be addressed at sentencing. The trial court sentenced Brabson to serve a stated minimum term of 11 years on the involuntary

---

[1] Two of the three sentences imposed on the firearm specifications were mandatory under R.C. 2929.14(B)(1)(g), with the third being discretionary. The shortest aggregate, potential term for the firearm specifications alone totaled six years in prison prior and consecutive to the shortest available base sentence (three years) on the two first-degree felony involuntary manslaughter and aggravated robbery counts and the second-degree felony felonious assault count if all the base sentences were imposed concurrent to each other.

manslaughter charge (along with the calculated maximum term on the indefinite, non-life sentence), a stated minimum five-year term for the aggravated robbery count, a five-year term on the felonious assault charge, and three-year terms on each of the three firearm specifications. The three-year terms of imprisonment on the firearm specifications were imposed to be served prior to and consecutive to each other and the base sentences. The trial court imposed the 11- and 5-year terms of imprisonment on the involuntary manslaughter and aggravated robbery to be served consecutive to each other, but the five-year, stated minimum term on the felonious assault charge is concurrent with the other two base sentences. The resulting aggregate term of imprisonment is 25 to 30.5 years.

{¶ 4} In the first assignment of error, Brabson challenges the consecutive nature of the sentence imposed on the base five-year term for the aggravated robbery count. Brabson's sole claim relates to the R.C. 2929.14(C)(4) findings made by the trial court. Importantly, Brabson does not challenge the base sentences on any of the counts or the consecutive service of the firearm specification penalties, two of which were mandatory but one of which fell under the trial court's discretionary authority under R.C. 2929.14(B)(1)(g), which is altogether outside the scope of R.C. 2929.14(C)(4). *State v. James*, 2015-Ohio-4987, 53 N.E.3d 770, ¶ 47 (8th Dist.). Thus, the question posed in this appeal is whether Brabson's aggregate indefinite term of 25 to 30.5 years in prison should be reduced by five years based on the arguments presented.

{¶ 5} Brabson claims that serving the five-year term on the aggravated robbery count consecutive to the other sanctions is not clearly and convincingly supported by the record because the trial court did not consider the proposition that "youthful offenders are more prone to 'impetuous and ill-considered actions and decisions'" and that killing a victim is not sufficient in and of itself to justify consecutive sentences. Appellant's brief at p. 7, quoting *Roper v. Simmons*, 543 U.S. 551, 569, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (differentiating children, persons under the age of 18, from adults for the purpose of sentencing considerations). There is no merit to the arguments presented in the first assignment of error.

{¶ 6} A defendant's right to appeal a sentence is generally derived from R.C. 2953.08. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 10. R.C. 2953.08(D)(1) is "a statutory limit on a court of appeals' jurisdiction to hear an appeal." *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 22; *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 9, fn. 1 ("*Gwynne I*"); *but see State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952 (concluding that a constitutional challenge to a sentence can be maintained despite the relevant prohibition against appellate review in R.C. 2953.08), and *State v. McCrory*, 167 Ohio St.3d 1502, 2022-Ohio-3029, 194 N.E.3d 366, ¶ 4 (Stewart, J., dissenting) (R.C. 2953.08 does not control appellate sentencing review). Within this review, an appellate court may not review whether the record clearly and convincingly supports the sentencing factors and consideration under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169

N.E.3d 649, ¶ 27. "R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a) [and] [o]nly R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified." *Id.* at ¶ 28; *but see State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 31 (reversible error to impose a sentence if trial court considers factors outside of R.C. 2929.11 or 2929.12 such that factors not listed under the statutory sentencing scheme are reviewable under R.C. 2953.08). Thus, statutory appellate sentencing review, as is pertinent to this appeal, is limited to reviewing the R.C. 2929.14(C)(4) findings underlying the consecutive service of the aggravated robbery sentence and whether Brabson has demonstrated that the record does not clearly and convincingly support those findings. R.C. 2953.08(G)(2).

{¶ 7} R.C. 2929.14(C)(4) authorizes the court to order consecutive service of base sentences if consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) either (a) the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) two or more of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6. Brabson does not

challenge the first two findings. The sole issue in this appeal is whether the trial court's finding, under the third finding, that two or more offenses caused harm so great and unusual that no single term adequately reflected the seriousness of Brabson's conduct according to R.C. 2929.14(C)(4)(b). On this point, Brabson claims his age, being 19 years old at the time of the crimes, and the trial court's reliance on the death of Singleton do not clearly and convincingly support the third finding.

{¶ 8} With respect to Brabson's claim regarding his age, there is nothing in the record demonstrating that Brabson presented the trial court with any pertinent information regarding any character traits surrounding his age for consideration at sentencing. In his sentencing memorandum, Brabson omitted any arguments or evidence of any character trait relevant to his age. Age was not a factor considered by the trial court, nor was the court asked to do so.

{¶ 9} This omission is for good reason. Brabson was an adult, as recognized by law, at the time he killed Singleton. *Simmons*, 543 U.S. at 569, 125 S.Ct. 1183, 161 L.Ed.2d 1 (only differentiating children, persons under the age of 18, from adults for the purpose of sentencing considerations); *United States v. Marshall*, 736 F.3d 492, 499 (6th Cir.2013) (concluding that *Simmons* does not apply to young adults, those 18 or older, because "[u]sing chronological age as the touchstone for determining whether an individual is a juvenile or an adult is the standard approach in our legal system."). Brabson's claim regarding his age, that his immaturity should militate against consecutive service because children are more prone to impetuous or ill-

conceived conduct, is not a factor to be considered to mitigate the imposition of a lengthy aggregate term of imprisonment.

{¶ 10} On the one hand, Brabson's argument is solely based on a generalization of a particular demographic, a demographic to which he does not belong. Although there is not much separation in terms of age and mindset between children and young adults to differentiate the impetuous or immature conduct associated with children, Brabson was an adult at the time of the crime, with all the rights, privileges, and burdens that milestone entails. His supposed "immaturity [or impetuousness does not] excuse him from the punishment the law imposes upon him as a consequence of" of being an adult. *Marshall* at 499.

{¶ 11} But more important, especially in terms of the lack of any consideration of Brabson's age at the time of sentencing, the age of the offender is not a statutorily enumerated factor for sentencing consideration under either R.C. 2929.11 or 2929.12. R.C. 2929.12 only asks for consideration of the victim's age, and R.C. 2929.11 is silent with respect to the offender's age being an informative factor. According to the Ohio Supreme Court, if neither provision authorizes a trial court to consider a particular fact or issue, the sentencing court cannot justify a sentencing decision upon it. *Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, at ¶ 31.[2] Similarly, R.C. 2929.14(C)(4) in general is silent as to whether an offender's

---

[2] Age does become a factor when assessing constitutional principles of cruel and unusual punishment. In that case, an offender's sentencing challenge is outside the scope of the Ohio Revised Code and sentencing structure. *Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952. Brabson has not presented any arguments challenging his

age is considered for the purposes of consecutive sentencing. R.C. 2929.14(C)(4) does not require the trial court to consider the age of the offender as one of the statutorily enumerated findings, much less in assessing whether the result of the multiple offenses was so great or unusual that a single sentence would not adequately reflect the seriousness of Brabson's conduct under subdivision (C)(4)(b).

{¶ 12} This alone explains the lack of a record on the trial court's consideration of age as a factor for sentencing. More to the point of this appeal, however, it is not clear from the arguments presented how Brabson's alleged immaturity or impulsiveness undermines the seriousness of his conduct or the harm caused by his killing Singleton for no ostensible reason or purpose. Being a young adult does not excuse an offender from harsher sentencing solely based on the generic characteristics associated with youth. *See, e.g., State v. Mosley*, 4th Dist. Scioto No. 00CA2739, 2001-Ohio-2524.

{¶ 13} Finally, with respect to the first assignment of error, Brabson takes issue with the fact that the trial court considered the shocking nature of the killing under R.C. 2929.14(C)(4)(b). The fact that the trial court placed weight on the nature of the crime does not amount to reversible error under R.C. 2953.08(G)(2). The defendant's conduct and the manner in which the crime is committed are part and parcel of the consecutive sentencing calculus as it relates to the harm caused. *See* R.C. 2929.14(C)(4); *State v. Moore*, 2014-Ohio-5135, 24 N.E.3d 1197, ¶ 35-36

---

sentence as being unconstitutional based on the Eighth Amendment to the federal Constitution.

(8th Dist.) (being "nicer" to the victims during the commission of a robbery than other codefendants demonstrates that the consecutive-sentencing findings are not supported by the record); *but compare State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 21-25 (although the offender's conduct in raping two children under the age of ten was "heinous and terrible," the conduct could not be used to demonstrate that the harm caused was so great and unusual to justify consecutive indefinite terms in light of the need to consider the minimum sanctions necessary to protecting the public under R.C. 2929.11); *with State v. McGowan*, 6th Dist. Sandusky No. S-20-020, 2021-Ohio-404, ¶ 9 (noting *Johnson's* reliance on R.C. 2929.11 within consecutive sentencing review was overruled by the Ohio Supreme Court).[3]  According to Brabson, allowing the trial court to consider the nature of the crime itself, in other words the offender's conduct under R.C. 2929.14(C)(4)(b), would permit any court to impose consecutive service when the death of the victim is a result of the criminal conduct.

{¶ 14} Setting aside the inherent fallacy behind that slippery-slope type argument, Brabson's concerns are unwarranted.  Consecutive-sentencing findings are case specific, and the appellate review falls under the de novo standard of review. *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 23 ("*Gwynne II*").  Not all purposeful killings will necessarily warrant consecutive sentences, but some, even more than a few, may.  Under R.C. 2929.14(C)(4) in general, the trial court is

---

[3] *Johnson* has limited value in light of its reliance on R.C. 2929.11 within review of the R.C. 2929.14(C)(4) consecutive-sentence findings.  *See McGowan.*  The review used by the *Johnson* panel was expressly overruled in *Gwynne I*.

required to consider the offender's conduct as it relates to the need for consecutive sentences. Although Brabson claims that there are no circumstances in this case warranting the conclusion that the harm was so great or unusual that *no single prison term would reflect the seriousness of his conduct* under R.C. 2929.14(C)(4)(b), the trial court disagreed based on the depraved nature of the killing that stemmed from the premeditated aggravated robbery, which was also coupled with the impact from the nature of the crime to the victim's family. According to the trial court, it was not only the crime itself that warranted the severe penalty, but the seriousness of the conduct underlying the commission of the crime. Tr. 51:17-19.

{¶ 15} Brabson does not address those concerns, which are applicable to our de novo review of the arguments raised, but solely focuses on the trial court's articulated consideration of the elephant in the room: that Brabson killed another human being in the course of a premediated robbery. There is no indication that the victim was doing anything other than complying with the belligerents' demands. Brabson's execution-style killing of Singleton was for no apparent purpose, without any identifiable reason or provocation, and to the apparent surprise of the other two conspirators.

{¶ 16} In this district, appellate review of consecutive sentences includes consideration of the offender's conduct in relation to the codefendants' conduct in reviewing the consecutive-sentence findings. *See Moore*, 2014-Ohio-5135, 24 N.E.3d 1197, at ¶ 35-36. Even in consideration of the de novo review standard

adopted in *Gwynne II*, the fact that Brabson was the primary actor and displayed a callousness toward the victim's life that was not overtly shared by the codefendants supports the conclusion that the harm caused was so great and unusual that a single sentence would not be sufficient to reflect the seriousness of Brabson's conduct. In this particular case, based on the arguments presented and consideration of the entirety of the record, it cannot be clearly and convincingly concluded that the consecutive-sentencing finding under R.C. 2929.14(C)(4)(b), as it pertains to the aggravated robbery sentence, is not supported by the record. The first assignment of error is overruled.

{¶ 17} In the second and final assignment of error, Brabson preserves his continuing objection to the indefinite non-life sentencing structure codified under the Reagan Tokes Law, advancing the same arguments regarding the separation of powers and right to trial by jury rejected by the en banc court in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536, ¶ 17-51, 103, 123 (8th Dist.). Inasmuch as Brabson has limited his constitutional challenge to the issues resolved in *Delvallie* in order to preserve the constitutional challenge for further review, those arguments are summarily overruled.

{¶ 18} Both assignments of error having been overruled as presented, the convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.