# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MICHAEL T. ALEXANDER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0050

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CR 00237

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera* and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorneys, for Plaintiff-Appellee and

*Atty. Michael A. Partlow*, for Defendant-Appellant.


Dated: November 13, 2025

**DICKEY, J.**

{¶1} Appellant, Michael Alexander, appeals from the April 15, 2025 judgment of the Mahoning County Court of Common Pleas convicting him on two counts of rape, consecutively sentencing him to an indefinite prison term, and labeling him a Tier III Sex Offender following a guilty plea. On appeal, Appellant asserts his consecutive sentences are not supported by the record. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant exploited his position as a father figure to his stepdaughter ("the victim"). Appellant began raping and sexually assaulting the victim when she was 13 years old. The sexual abuse continued for years. Preying on the victim's vulnerability, Appellant controlled her by making threats. Appellant used his position as a mechanic with the Youngstown Police Department to manipulate the victim into thinking that no one, including the police, would ever believe her if she reported the sexual abuse. Appellant blamed the victim, shamelessly asserting that she propositioned and blackmailed him for sex.

{¶3} On April 18, 2024, Appellant was indicted by the Mahoning County Grand Jury on 11 counts: counts one through three, rape, felonies of the first degree in violation of R.C. 2907.02(A)(1)(b) and (B); count four, gross sexual imposition, a felony of the third degree in violation of R.C. 2907.05(A)(4) and (C)(2); counts five through seven, rape, felonies of the first degree in violation of R.C. 2907.02(A)(2) and (B); counts eight through ten, sexual battery, felonies of the third degree in violation of R.C. 2907.03(A)(5) and (B); and count 11, gross sexual imposition, a felony of the fourth degree in violation of R.C. 2907.05(A)(1) and (C)(1). Appellant retained counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶4} On August 30, 2024, the trial court ordered the Forensic Psychiatric Center of Northeast Ohio, Inc. to complete a Sex Offender Risk Assessment for Appellant. Pursuant to the assessment, Appellant was considered low risk for re-offending. However, the assessor found that two contrary factors warrant attention in the consideration of Appellant's overall risk level:

[1.] [Appellant] engaged in sexual conduct with his adolescent stepdaughter for a prolonged period of time on a consistent schedule. His acts were not occasional or infrequent. Such behavior raises concern for sexual interest in teenagers (aka hebephilic interest).

[2.] [Appellant] continues to hold rationalizations for his behavior and continues to place the onus of responsibility on the victim, taking little accountability for his own role in the offense.

(T.d. No. 46, Sexual Offender Risk Assessment, p. 8).

{¶5} Appellant subsequently entered into Crim.R. 11 plea negotiations with Appellee, the State of Ohio. A change of plea hearing was held on February 20, 2025. Appellant withdrew his former not guilty plea and entered a guilty plea to counts five and six, rape, felonies of the first degree in violation of R.C. 2907.02(A)(2) and (B), as contained in the indictment. The trial court accepted Appellant's guilty plea, dismissed the remaining charges, ordered a PSI, and deferred sentencing.

{¶6} On April 15, 2025, the trial court consecutively sentenced Appellant to an indefinite term of eight years (minimum) to twelve years (maximum) in prison on count five and an indefinite term of seven years (minimum) to ten and one-half years (maximum) on count six. The court granted Appellant 357 days of jail-time credit, notified him that his sentence includes a mandatory period of post-release control for five years, and labeled him a Tier III Sex Offender.

{¶7} Appellant filed a timely appeal and raises a single assignment of error.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO SENTENCES TO BE SERVED CONSECUTIVELY, AS THE RECORD DOES NOT SUPPORT SUCH A SENTENCE.**

{¶8} In his sole assignment of error, Appellant contends his consecutive sentences are not supported by the record. Appellant believes the trial court was required to consider the aggregate sentence imposed in making the consecutive sentence

findings. Appellant submits that "the current standard of review for felony sentencing essentially amounts to no review at all" and believes an "'abuse of discretion' standard of review should be employed." (8/14/2025 Appellant's Brief, p. 4). Appellant's argument was recently refuted by this court in *State v. James*, 2025-Ohio-2629, ¶ 25-26 (7th Dist.). Appellant is not making a due process claim and never raised this issue below. *See State v. Wintermeyer*, 2019-Ohio-5156, ¶ 10 (A party generally may not raise an argument on appeal that it failed to raise below at the trial court level).

R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

In reviewing consecutive sentence arguments, the appellate court's standard of review is not whether the sentencing court abused its discretion; rather, the question is whether the appellate court "clearly and convincingly finds" (1) the record does not support the sentencing court's findings under R.C. 2929.14(C)(4) or (2) the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a)-(b). A clear and convincing standard involves "a firm belief or conviction" (and is a higher standard than a mere preponderance of the evidence). *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. A sentence is contrary to law if the sentencing court fails to make the statutory consecutive findings. *Id.* (remanding for resentencing where the findings were not made at the sentencing hearing or in the entry).

Pursuant to R.C. 2929.14(C)(4), a felony sentencing court can impose consecutive sentences after finding: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the three options thereafter listed as (a) through (c). R.C. 2929.14(C)(4)(a)-(c). "(A) word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209 at ¶ 29.

*State v. Jensen*, 2023-Ohio-4717, ¶ 6-8 (7th Dist.).

The Ohio Supreme Court has . . . spoken on the standard by which an appellate court should review a trial court's consecutive sentences findings. In *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5, the Ohio Supreme Court reconsidered its prior decision in *State v. Gwynne*, 2022-Ohio-4607, —— N.E.3d ——, and held that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record."

*State v. Grant*, 2023-Ohio-4614, ¶ 23 (5th Dist.).

The Ohio Supreme Court has now made it clear that "an appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *Gwynne*, 2023-Ohio-3851, ¶ 15. "The statutory language does not require that the appellate court have a firm belief or conviction that the record supports the findings." *Id.* Thus, the Ohio Supreme Court in 2023 *Gwynne* specifically rejected the holding in 2022 *Gwynne* with respect to conducting a de novo review. *Id.* In short, we should review the sentence imposed by the trial court and only reverse if the record does not clearly and convincingly support the trial court's findings. *Gwynne*, 2023-Ohio-3851; *Grant* at ¶ 23.

*State v. Rivers*, 2024-Ohio-4868, ¶ 72-73 (7th Dist.).

{¶9} At the sentencing hearing, the trial court heard from the prosecutor on behalf of the State, defense counsel on behalf of Appellant, the victim, and Appellant.

{¶10} The prosecutor noted the sexual abuse happened consistently over a six-year timespan. The prosecutor said Appellant made threats to the victim, would "manipulate" her, and never used a condom. (4/10/2025 Sentencing Hearing Tr., p. 3). The prosecutor stated Appellant is "not owning up to the full behavior, though that's what he wants the court to believe." (*Id.* at p. 6-7). The prosecutor said Appellant "doesn't

seem to understand the significance of what he did here [and] repeatedly downplays it[.]" (*Id.* at p. 7).  Given the charges, the prosecutor indicated prison is mandatory.

{¶11} Defense counsel stated the sexual abuse started when the victim was 13 years old.  Defense counsel concluded "we have a very low risk of recidivism, and really what we have is a very unusual series of events that are not likely to reoccur[.]"  (*Id.* at p. 16).  Defense counsel believed Appellant "is truly remorseful[.]"  (*Id.* at p. 21).

{¶12}  The victim described her childhood with Appellant as follows: "[t]he words awful or miserable don't even begin to describe the mental torture"; Appellant "is a narcissist and a manipulator"; Appellant "was a father figure to me and I looked up to him"; Appellant "used to pin me and my sisters against each other"; Appellant "didn't want me to have a strong relationship with anyone in the house for fear of me telling someone sooner about what he did to me"; Appellant "took advantage of my youth and stole my innocence from me"; Appellant "had me believe that stepfathers having a -- having a sexual relationship with their stepdaughters was normal"; Appellant "forced sex on me by threat[s]"; Appellant "had power over me, and I was afraid to go against him or say no" because there would be "consequences"; "[f]or six years I endured this whenever my sisters were sleeping or my mom was at work"; "I was simply terrified to say anything, terrified of what he'd do to me"; "I grew depressed, then eventually suicidal"; Appellant "hurt me more than anyone else ever could, leaving me with a lifetime of healing, a lifetime to try to undue six years of torture and pain he bestowed upon me."  (*Id.* at p. 9-13).

{¶13}  Appellant told the court he "deeply regret[ted]" what he had done.  (*Id.* at p. 21).  Appellant said "I feel horrible for what I've done."  (*Id.* at p. 22).  Appellant stated the incident at issue "has drawn me a lot closer to God, which is a good thing."  (*Id.* at p. 23).

{¶14}  In applying the principles and purposes of sentencing outlined in R.C. 2929.11, balancing the seriousness and recidivism factors outlined in R.C. 2929.12, and imposing consecutive sentences pursuant to R.C. 2929.14, the trial court made several determinations, including: the victim was 13 years old when Appellant started sexually abusing her; Appellant sexually abused the victim over a significant period of time; and Appellant used his position as a father figure in perpetrating the sexual abuse.  The court specifically found: "consecutive sentences are necessary to protect the public, to punish

you, that they are not disproportionate, and that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct." (*Id.* at p. 27).

{¶15} The trial court made a similar pronouncement in its April 15, 2025 sentencing entry:

> The Court considered the record, oral statements, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12
>
> . . .
>
> The Court further finds, pursuant to Ohio Revised Code Section 2929.14(C)(4), that consecutive sentences are necessary in order to protect the public, to punish Defendant, they are not disproportionate, and that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct . . .

(4/15/2025 Sentencing Entry, p. 1-2).

{¶16} The record in this case reflects no sentencing error. The trial court gave due deliberation to the relevant statutory considerations and properly advised Appellant regarding post-release control. The court considered the purposes and principles of felony sentencing under R.C. 2929.11, balanced the seriousness and recidivism factors under R.C. 2929.12, and considered the prison factors under R.C. 2929.13.

{¶17} The trial court found that consecutive sentences are necessary to protect the public from future crime or to punish Appellant and that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. R.C. 2929.14(C)(4). The court found these offenses were committed as part of a course of conduct and the harm caused thereby was so great or unusual that no single prison term for either of the offenses committed as part of the course of conduct adequately reflects the seriousness of Appellant's conduct. R.C. 2929.14(C)(4)(b).

{¶18} Accordingly, the trial court considered R.C. 2929.11, 2929.12, and 2929.13, and its imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4)(b) is supported by the record.

## CONCLUSION

{¶19} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The April 15, 2025 judgment of the Mahoning County Court of Common Pleas convicting Appellant on two counts of rape, consecutively sentencing him to an indefinite prison term, and labeling him a Tier III Sex Offender following a guilty plea is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

[Cite as *State v. Alexander*, 2025-Ohio-5215.]

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**