[Cite as *State v. Adams*, 2026-Ohio-1128.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SHANE THOMAS ADAMS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0080

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2025 CR 00016 A

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, and *Atty. Kristie M. Weibling*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Brian A. Smith*, Brian A. Smith Law Firm, LLC, for Defendant-Appellant

Dated:  March 30, 2026

---

**WAITE, P.J.**

{¶1} Appellant Shane Thomas Adams challenges his consecutive sentences for two counts of second-degree felony robbery following his guilty plea. Although the two counts ran concurrently with each other, that sentence was ordered to be served consecutively to the sentence ordered on a conviction for a related felony in Trumbull County. Appellant argues that the weight of the evidence does not support the trial court's findings made pursuant to R.C. 2929.14(C)(4), which are required in order to impose consecutive sentences. The record shows that the trial court made the findings required by R.C. 2929.14(C)(4) and the record supports those findings. As an appellate court cannot independently weigh the evidence in support of the court's felony sentence, Appellant's sole assignment of error is without merit, and the judgment of the trial court is affirmed.

Facts and Procedural History

{¶2} On January 30, 2025, Appellant was indicted in the Mahoning County Court of Common Pleas on two counts of robbery, pursuant to R.C. 2911.02(A)(2), second degree felonies. The charges arose from a series of robberies that Appellant and a co-defendant committed on January 3, 2025, in Mahoning and Trumbull Counties. The robberies included a pizza shop in Liberty Township (in Trumbull County), a Shell gas station in Austintown, and a Shell gas station in Canfield. Appellant and his co-defendant led the police on a chase that ended when their car slid off the road. The assailants then fled on foot, and they were soon caught and arrested. In addition to the charges brought in Mahoning County, Appellant was also charged with aggravated robbery with a force specification in Trumbull County.

**{¶3}** On May 19, 2025, Appellant entered into a Crim.R. 11 plea agreement in the Mahoning County case, pleading guilty to the two counts of robbery. The judge explained that the maximum sentence for each charge was 8 to 12 years in prison, and if served consecutively, could amount to a maximum of 16 to 24 years. The prosecutor agreed to recommend a sentence of 3 to 4½ years in prison on each count, to run concurrently with each other. At the time, Appellant had not yet been sentenced in the Trumbull County case, and there was no recommendation as to whether his Mahoning County sentence should run consecutively to any sentence imposed for the Trumbull County case, since it was still an open matter. It was made clear to Appellant at the plea hearing though, that the Trumbull County case would be a factor in sentencing. The court ordered a presentence investigation to be prepared for the sentencing hearing.

**{¶4}** On May 8, 2025, Appellant pleaded guilty in Trumbull County Court of Common Pleas Case No. 25CR197 to one count of aggravated robbery, a first degree felony, with a three-year gun specification. Appellant was sentenced in Trumbull County on July 30, 2025, and the sentencing entry was filed on August 6, 2025. Appellant was sentenced to 6 to 7½ years in prison for aggravated robbery, and the sentence included a three-year prison term for a gun specification.

**{¶5}** Sentencing in this case occurred on August 27, 2025. The trial court sentenced Appellant to 3 to 4½ years in prison on each count, to run concurrently with each other. However, the court ordered this sentence to run consecutively with the sentence imposed in Trumbull County Case No. 25CR197.

**{¶6}** Appellant filed a notice of appeal on September 2, 2025. He raises one assignment of error.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ORDERING APPELLANT'S SENTENCE, WITH RESPECT TO BOTH COUNTS, TO BE SERVED CONSECUTIVELY TO APPELLANT'S SENTENCE IN THE TRUMBULL COUNTY COURT OF COMMON PLEAS, CASE NUMBER 25CR197, BECAUSE THE TRIAL COURT'S FINDINGS UNDER R.C. 2929.14(C)(4), WHICH WERE REQUIRED TO IMPOSE CONSECUTIVE SENTENCES, WERE, BY CLEAR AND CONVINCING EVIDENCE, NOT SUPPORTED BY THE RECORD.

{¶7} Appellant is challenging his consecutive sentence on the basis that the trial court's findings under R.C. 2929.14(C)(4), required for imposing consecutive sentences, are not supported by the weight of the evidence. Appellant concedes that the court made all the appropriate findings in order to impose consecutive sentences. Appellant argues, however, that his interpretation of the evidence does not support the court's finding that there was great or unusual harm caused in order to justify consecutive sentences. Appellant argues that the harm caused by his offenses was not so great as to require consecutive sentences. Appellant contends that no one was physically hurt during the robberies, and he apparently believes that because he is a drug addict, he is somehow exempted from serving consecutive sentences.

{¶8} Appellee responds that an appellate court may not independently weigh the evidence and substitute its own judgment for that of the trial court when reviewing felony sentences. Appellee contends that an appellate court may only reverse a trial court's

imposition of consecutive sentences if we clearly and convincingly find the sentence is contrary to law or if the record does not support the court's findings. Appellee explains that, in this context, "contrary to law" means that the sentence violates a law or legal regulation in place at the time of sentencing. Appellee contends that the trial court made the consecutive sentence findings required by R.C. 2929.14(C)(4), violated no law or legal regulation, and that the record justifies the imposition of consecutive sentences. Our own review of the record reveals that Appellee is correct.

{¶9} The appellate standard for reviewing a felony sentence is found in R.C. 2953.08(G)(2). An appellate court's standard for review is not whether the sentencing court abused its discretion, but rather:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under . . . division . . . (C)(4) of section 2929.14 . . .; (b) That the sentence is otherwise contrary to law.

{¶10} Appellant has stated multiple times in his brief that he does not contend the sentence is contrary to law, but only that the weight of the evidence does not support the findings regarding R.C. 2929.14(C)(4).

{¶11} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence "is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-

reasonable-doubt standard used in criminal cases." *State v. Glover*, 2024-Ohio-5195, ¶ 46, citing *State v. Gwynne*, 2023-Ohio-3851, ¶ 14. Clear and convincing evidence "produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶12} R.C. 2929.14(C)(4) requires a trial court to make three findings before imposing consecutive sentences: (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender; (2) the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the findings required by sub-sections (a), (b), or (c). In this case, the trial court relied on sub-section (b): "At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶13} There is a presumption a court will impose concurrent sentences in Ohio law. *State v. Hornbuckle*, 2022-Ohio-2025, ¶ 32 (7th Dist.); *State v. Bonnell*, 2014-Ohio-3177, ¶ 16; R.C. 2929.41(A). This presumption is overcome when the trial court makes the consecutive sentencing findings described in R.C. 2929.14(C)(4). "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, at syllabus. "[A] trial court need not state reasons to support

its finding nor it is [sic] required to use any 'magic' or 'talismanic' words, so long as it is apparent that the court conducted the proper analysis." *State v. Williams*, 2015-Ohio-4100, ¶ 34 (7th Dist.)

{¶14} An appellate court cannot weigh the evidence in the record and substitute its judgment for that of the trial court concerning a sentence that best reflects compliance with the overriding purposes of felony sentencing. *State v. Jones*, 2020-Ohio-6729, paragraph one of the syllabus. An appellate court cannot make a "freestanding inquiry" regarding whether a felony sentence is appropriate. *Id.* at ¶ 42.

{¶15} There is no question that the trial court engaged in the proper analysis and factfinding for imposing consecutive sentences, and Appellant does not dispute this. The language of R.C. 2929.14(C)(4) is used in the sentencing entry. Most of the sentencing hearing was taken up with the issue of consecutive sentences. (8/21/25 Tr., pp. 7-19.) The court examined each of the statutory findings that it was required to make. (8/21/25 Tr., pp. 18-19.) The court explained why it was making the findings. (8/21/25 Tr., pp. 7-12, 16-17.) Thus, we are unable to find that the record fails to clearly and convincingly support the trial court's findings regarding consecutive sentences.

{¶16} Appellant's entire argument is based on his insistence that we must weigh the evidence supporting consecutive sentences. He argues that the bill of particulars does not support a finding of great or unusual harm, a factor the court considered in imposing consecutive sentences. Appellant argues that his 6 to 7½ year sentence in the Trumbull County case was "more than sufficient" to punish him, meaning that he seeks to have us weigh the significance of the Trumbull County sentence compared to the sentence in this case. Appellant posits that the facts would show that Appellant was only

the driver in some or all the crimes, Appellant was talked into committing the crimes by his co-defendant, he only committed the crimes to feed a drug habit, and he cooperated with the police upon arrest. Of course, the trial court could also have considered evidence that contradicted these facts, or the court could have chosen not to believe Appellant's assertions about the facts at the sentencing hearing. For example, Appellant's assertion that he may have cooperated after his arrest does not negate the fact that he engaged in a lengthy car chase with the police before arrest that only ended when the car skidded off a snowy road, leading to a police chase on foot. Appellant's conviction was based on a guilty plea, so there was no trial to determine all of the facts in this case. Appellant is relying on his and his counsel's assertions to the court at the sentencing hearing. However, as it is clear that Appellant wants us to weigh this "evidence" and come to a different conclusion than the trial court, it is equally clear he cannot prevail in this appeal.

{¶17} An appellant faces a considerable burden when trying to negate the consecutive sentencing findings of the trial court. *State v. Spack*, 2026-Ohio-135, ¶ 37 (7th Dist.). The language of R.C. 2953.08(G)(2) "is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *State v. Gwynne*, 2023-Ohio-3851, ¶ 15.

{¶18} Appellant cites *State v. Alexander*, 2025-Ohio-5215 (7th Dist.) in support, but in that case we merely relied on that fact that the trial court made the consecutive sentence findings required by R.C. 2929.14(C)(4.) *Id.* at ¶ 17. In opinion after opinion issued by this Court involving guilty pleas, our review does not involve separately

Case No. 25 MA 0080

weighing the evidence regarding the consecutive sentencing factors. Instead, it involves only confirmation that the court made the findings required by R.C. 2929.14(C)(4) and confirmation that the record contained some support for those findings. *State v. Talbert*, 2025-Ohio-4922 (7th Dist.); *State v. Hamilton*, 2025-Ohio-4838 (7th Dist.); *State v. Corlett*, 2025-Ohio-2907, ¶ 20 (7th Dist.); *State v. Yu*, 2025-Ohio-2377 (7th Dist.); *State v. Rayle*, 2025-Ohio-1912, ¶ 31 (7th Dist.). In the instant case, the trial judge made the proper findings, explained why he made the findings, and there is evidence in the record supporting the findings. No more analysis is warranted or permitted.

**{¶19}** Appellant argues that no great or unusual harm came to the victims because he did not actually use a gun in the commission of the Mahoning County offenses. Assuming arguendo that this fact is true, a trial court is permitted to consider evidence beyond the specific crime under consideration for sentencing, including evidence of other related crimes. *State v. Bowser*, 2010-Ohio-951, ¶ 14 (2d Dist.). Appellant has insisted that we consider his conviction and sentence in the related Trumbull County case. Appellant admits that the Mahoning crimes and the Trumbull aggravated robbery were part of a crime spree. He acknowledges that a gun was used in the Trumbull County case and that he was convicted of a gun specification in that case. Therefore, the trial court in the instant case could rely on the fact that a gun was used in the crime spree. The overall presence of the gun, whether or not it was used or brandished in the two Mahoning County robberies, elevates the possible harm to "great or unusual." *State v. Pyle*, 2021-Ohio-1075, ¶ 13 (6th Dist.); *State v. Myers*, 2005-Ohio-447, ¶ 24 (2d Dist.); *State v. McDaniel*, 2005-Ohio-3581, ¶ 16 (8th Dist.).

{¶20} In addition, the Bill of Particulars in this case indicates that Appellant inflicted or threatened to inflict physical harm and that he suggested he had a gun. The trial judge pointed out that Appellant "scared the hell" out of the people in the gas stations and other locations that were robbed, and those victims would live with that terror the rest of their lives. (8/21/25 Tr., p. 9.) The threat of physical harm is a harm, and there is evidence of that threat in the record.

{¶21} The record contains other evidence that supports the imposition of consecutive sentences. Appellant committed the robberies in support of other crimes, namely, an illegal drug habit. The record indicates that after the first robbery Appellant used the proceeds to buy and use crack cocaine. Purchasing and using crack cocaine or other illegal narcotics as part of a crime spree is another factor that may be considered to support great or unusual harm. *State v. Williams*, 2013-Ohio-2201, ¶ 22 (8th Dist.).

{¶22} It is clear that multiple people were harmed in the course of Appellant's crime spree in various locations in two counties. Since each of the robberies occurred in a public business, the potential for harm to the public was escalated. The harm suffered by multiple victims may be considered by the court in imposing consecutive sentences. *State v. Sparks*, 2024-Ohio-2362, ¶ 18 (8th Dist.).

{¶23} The harm in this case also extended to the attempt to escape capture. Appellant led the police on a long car chase through multiple jurisdictions in Mahoning County. The chase took place at night on snowy roads, and ended only when Appellant's car skidded off the road. He then led the police on a foot chase. The chase involved putting law enforcement officers from three different agencies at risk of harm (the Canfield Police Department; the Youngstown Police Department; the Ohio State Highway Patrol).

These facts also support that Appellant caused great or unusual harm. *State v. Glenn*, 2004-Ohio-2917, ¶ 16 (11th Dist.).

**{¶24}** Appellant suggests that his crimes did not occur as part of a course of conduct. Whether there was a course of conduct is part of the consideration under R.C. 2929.14(C)(4)(b). Appellant argues that all the robberies should be treated as a single continuous event rather than a course of conduct.

**{¶25}** Consecutive sentences may be imposed for a course of conduct. *State v. Twiley*, 2022-Ohio-4751, ¶ 91 (7th Dist.). Appellant acknowledges that the state argued to the trial judge that the crimes were all committed as part of a course of conduct, and his counsel agreed. It is clear from the record that each crime formed a distinct act during the crime spree. There was a six-hour gap between the first robbery and the second. During that time Appellant used the proceeds from the robbery to buy and use narcotics. Appellant had to drive to each new location to commit the robberies, and he traveled between two counties as part of the crime spree. These robberies cannot be treated as if they were one single criminal act.

**{¶26}** The fact that the criminal course of conduct involved multiple locations over a period of time can be used to support consecutive sentences. *State v. Workman*, 2017-Ohio-8638, ¶ 92 (12th Dist.).

**{¶27}** The record clearly and convincingly supports the trial court's findings regarding consecutive sentences. Therefore, Appellant's sole assignment of error is without merit and is overruled.

Case No. 25 MA 0080

Conclusion

**{¶28}** Appellant argues on appeal that the weight of the evidence does not support the trial court's decision to impose consecutive sentences. We may not independently weigh the evidence and substitute our judgment for that of the trial court regarding the sentence. Consecutive sentences can only be reversed or modified if we clearly and convincingly find that the trial court failed to make the findings required by R.C. 2929.14(C)(4) or that the record does not support the trial court's findings. The trial court made the appropriate findings here and there is evidence to support those findings. Appellant's sole assignment of error is without merit, and the judgment of the trial court is affirmed.

Hanni, J. concurs.

Dickey, J. concurs.

———————————————

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**